UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DENARD EDWARD CARRINGTON,<br><br>                                         Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA. | Criminal Action No. 3:09–CR–160<br>Civil Action No. 3:11–CV–670 |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Denard Edward Carrington's ("Carrington") *pro se* Amended Motion to Alter and Amend Judgment (ECF No. 97). On March 20, 2013, this Court entered an Order dismissing Carrington's previously filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 ("§ 2255"). Carrington now asks the Court to reconsider its decision under Federal Rule of Civil Procedure 59(e). For the reasons stated below, the Court will GRANT IN PART Carrington's Motion as to Claim Two. Upon further consideration, Claim Two will be DENIED.

### I.    BACKGROUND

On May 19, 2009, a federal grand jury returned a three-count Indictment charging Petitioner with Possession with the Intent to Distribute 500 grams or more of Cocaine Hydrochloride, in violation of 21 U.S.C. § 841(a); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c); and Possession of Firearms/ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). Petitioner was arraigned on the Indictment on June 4, 2009, and a jury trial was scheduled for August 3, 2009.

1

A federal grand jury returned a five-count Superseding Indictment against Petitioner on July 20, 2009, charging Petitioner with: Conspiracy to Distribute Cocaine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 846 ("Count One"); Possession with the Intent to Distribute 500 grams or more of Cocaine Hydrochloride, in violation of 21 U.S.C. § 841(a) ("Count Two"); Possession of Firearms in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) ("Count Three"); Possession of Firearms/ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) ("Count Four"); and Possession of an Unregistered Firearm, in violation of 26 U.S.C. § 5681(d) ("Count Five"). Petitioner was arraigned on the Superseding Indictment on July 31, 2009, and upon his motion to continue, the trial was rescheduled for October 5, 2009.

The charges stemmed from the execution of a search warrant by law enforcement on April 21, 2009 of the home that Petitioner shared with his girlfriend. From the search of the master bedroom, police recovered an AK 47 assault rifle; a Mac-10 machine gun; a Glock Model 31, .357 caliber pistol; and assorted ammunition. Police also recovered cocaine hydrochloride, three digital scales with residue, drug-packaging materials, a money counter, $30,000 in U.S. currency underneath Petitioner's mattress, and a safe inside the bedroom closet containing an additional $25,500 in U.S. currency.

Prior to the start of the two-day trial, the Government dismissed Count One, and Petitioner pled guilty to Possession of Firearms/ammunition by a Convicted Felon under Count Four. Before the second day of the trial commenced, Petitioner pled guilty to Count Two, Possession with the Intent to Distribute 500 grams or more of Cocaine Hydrochloride, and to Count Five, Possession of an Unregistered Firearm. Petitioner proceeded to trial and was convicted of Count Three, Possession of Firearms in Furtherance of a Drug Trafficking

Crime. Specifically, the jury found that Petitioner possessed an SKS assault rifle; a Mac-10 Machine Gun; a Glock 31, .357 caliber handgun; and ammunition.

On January 14, 2010, the Court sentenced Petitioner to 60 months' imprisonment on Counts Two, Four, and Five, to run concurrently, and to 360 months' imprisonment on Count Three, to run consecutively to the 60-month term of imprisonment on Counts Two, Four, and Five, for a total of 420 months' imprisonment. Petitioner filed an appeal on January 15, 2010, arguing that the Government failed to offer sufficient evidence of a nexus between the firearms found in his residence and the furtherance of his drug activities. The Fourth Circuit affirmed Petitioner's conviction and the Court's judgment, but remanded the matter to correct a clerical error. Petitioner filed a Motion for Declaratory Judgment on May 18, 2011 challenging his conviction for Count Three under 18 U.S.C. § 924(c)(1)(B)(ii). After the Court denied this Motion, Petitioner filed a Motion for Reconsideration, which was also denied. Petitioner appealed the denial of his Motion for Declaratory Judgment on June 20, 2011, and the Fourth Circuit again affirmed the Court's judgment on August 23, 2011.

Carrington then filed a Motion to Vacate under 28 U.S.C. § 2255, raising the following five (5) grounds for relief:

1. In light of the subsequently decided *United States v. O'Brien*, 130 S. Ct. 2169 (2010), Petitioner's conviction and sentence under § 924(c)(1)(B)(ii) is unlawful, and his counsel was ineffective in failing to object.

2. The Court committed prejudicial error by instructing the jury that Petitioner's guilty plea to Count Two established the first element of Count Three, and Petitioner's counsel was ineffective in failing to object.

3. Under *O'Brien*, Counsel was ineffective in misadvising Petitioner on the § 924(c)(1)(B)(ii) elements, leading Petitioner to waive his right

3

    to testify based on a flawed understanding of the elements of the offense.

4. The Court committed prejudicial error by disclosing to the jury that Petitioner pled guilty to Count Two, thus violating his right against self-incrimination, and Petitioner's counsel was ineffective in failing to object.

5. Petitioner's counsel was ineffective in failing to object to a violation of the Speedy Trial Act, 18 U.S.C. § 3161.

On March 30, 2013, the Court denied Carrington's Motion to Vacate, denied his Motion for Evidentiary Hearing, denied his Motion for Summary Judgment, and denied a Certificate of Appealability. *Carrington v. United States*, No. 3:09-CR-160, 2013 WL 1165241, at *12 (E.D. Va. Mar. 20, 2013).

Petitioner moved the Court to Alter and Amend its judgment on April 19, 2013. (ECF No. 89). Subsequently, Petitioner moved to strike and replace his Motion to Alter and Amend with an attached Motion. (ECF No. 91). Petitioner's Motion to Strike was granted by the Court. (ECF No. 96). In his Amended Motion to Alter and Amend, Carrington argues that the Court should vacate its March 20, 2013 Order because the Court made clear errors of law under Rule 59(e) and manifest injustice would result from not vacating the Order.

## II. LEGAL STANDARD

Without specific language in the actual text of the Rule, "courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). This Court has previously indicated that reconsideration would be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to

the Court by the parties, or has made an error not of reasoning but of apprehension." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Id.* Finally, although a clear error of law may be grounds for reconsideration, a plaintiff should not use a 59(e) motion simply "to ask the Court to rethink what the Court had already thought through." *Id.*; *see also Zdanok v. Glidden Co.,* 327 F.2d 944, 953 (2d Cir. 1964) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.").

A motion to alter or amend a judgment must be filed no later than twenty eight days after the entry of the judgment. Fed. R. Civ. P. 59(e).

### III. DISCUSSION

In the instant Motion, Carrington has raised five claims including: (1) that this Court erred by assuming that the jury in his case applied the "beyond the reasonable doubt" standard as directed; (2) that this Court erred by failing to address his claim that his appellate counsel was ineffective; (3) that this Court erred when it held that his guilty plea as to Count Two was sufficient to justify the Court's jury "charge directive" that element one of Count Three had been established by the evidence; (4) that the Court erred when it held that his trial counsel was not deficient when he rendered advice that resulted in Carrington not testifying;[1] and (5) that the Court erred when it failed to address the effect of his counsel's deficient representation. Each claim will be addressed in turn. Claims Four and Five will be addressed together.

//

---

[1] In a footnote, Carrington also asserts that (1) the Court erred when it held that an evidentiary hearing was unnecessary, and (2) that the Court improperly found that he was per se unbelievable.

5

Case 3:09-cr-00160-JRS Document 98 Filed 06/30/14 Page 6 of 11 PageID# 684

### A. Claim One

Carrington argues that the Court erred as a matter of law by assuming that the jury applied a reasonable doubt standard beyond the area expressly directed. In support, Carrington argues that the jury was instructed that the statute in dispute was § 924(c)(1)(A) and that the government needed only prove *two* elements beyond a reasonable doubt: (1) that Carrington committed the drug trafficking crime charged in Count Two of the indictment; and (2) that in furtherance of that crime, he possessed a firearm. Petitioner's previous claim (enumerated as claim one) was that the Court erred under *O'Brien* by sentencing him to the 30-year mandatory minimum under § 924(c)(1)(B). *Id.* at *2.

> As the Court stated previously, under *O'Brien*,
>
> '[t]he machinegun provision in § 924(c)(1)(B)(ii) is an element of an offense,' and thus, must be charged in the indictment and proved to a jury beyond a reasonable doubt. *O'Brien,* 130 S.Ct. at 2180. *See id.* at 2174 ('Elements of a crime must be charged in an indictment and proved to a jury beyond a reasonable doubt.').

*Carrington*, 2013 WL 1165241, at *4. The Court held that Petitioner's claim failed for two reasons. Firstly, a review of the Superseding Indictment revealed that Petitioner was charged in Count Three with possessing firearms in furtherance of a drug trafficking crime, specifically including a Mac-10 Machine Gun. *Id.* at *4. The Superseding Indictment correctly cited § 924(c) as the relevant statutory provision, and Petitioner was clearly aware that he faced penalties under § 924(c)(1)(B)(ii) since his Motion to Continue references the 30-year mandatory minimum. *Id.* at *4-5. Secondly, the Court correctly instructed the jury that to convict Petitioner under Count Three, it needed to find beyond a reasonable doubt that he committed the crime alleged in Count Two, and that he knowingly

6

possessed a firearm in furtherance of that crime. *Id.* at *5 (citing Tr. 182:21-183:5; 188:19-190:14). The Court listed the specific firearms that were alleged in Count Three and defined the term "machine gun." *Id.* (citing Tr. 188:21-189:6, 192:18-193:3). In addition to these instructions, the jury received a Special Verdict form which directed them to identify upon which of the enumerated firearms their guilty verdict was based. *Id.* The Court reasoned that, regardless of whether the prevailing law at the time required the jury to determine the firearms, the Special Verdict Form showed that the jury did expressly find Petitioner guilty with respect to the Mac-10 Machine Gun, as well as each of the other firearms listed in Count Three. *Id.* Accordingly, the Court found that the record evidence was clear that the machine gun provision in § 924(c)(1)(B)(ii) was charged in the Superseding Indictment and found by the jury beyond a reasonable doubt. *Id.*

Carrington's current claim is substantially the same as his related, previous claim. The Court, thus, will DENY this claim based on the holdings of its previous Memorandum Opinion.

### B. Claim Two

Carrington contends that this Court erred as a matter of law by failing to address his claim that his appellate counsel was ineffective for failing to detect and assert a defense based on *O'Brien*. The Court previously addressed Carrington's § 2255 claim (enumerated as claim one) that his counsel was ineffective in failing to object to his sentence under § 924(c)(1)(B)(ii) or to the jury instructions. The Court held that Carrington's ineffective assistance of counsel claim failed under both the performance and prejudice prongs of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, the Court erroneously

addressed Carrington's claim in the context of his trial counsel's actions as opposed those of his appellate counsel. As such, Carrington's Motion is GRANTED as to this claim.

Upon further consideration, Petitioner still cannot meet either the performance or prejudice prong of *Strickland*. Petitioner cannot meet the performance prong of *Strickland* because his appellate counsel's representation could not have been constitutionally deficient in light of the fact that the requirements of *O'Brien* were met at trial—the record evidence was clear that the machine gun provision in § 924(c)(1)(B)(ii) was charged in the Superseding Indictment and found by the jury beyond a reasonable doubt. *Carrington*, 2013 WL 1165241, at *5. Moreover, as stated previously, "Petitioner cannot show that he was prejudiced since the jury ultimately did find beyond a reasonable doubt that he possessed a machine gun in furtherance of a drug trafficking offense." *Id.* at *5. Thus, the Court will DENY this claim.

### C. Claim Three

Carrington argues that the Court erred as a matter of law by holding that his plea of guilty to Count Two was sufficient to justify its jury charge directive that the first element of Count Three had been established by the evidence. Carrington's previous § 2255 claim (enumerated as claim two) was that the jury instructions, which advised the jury that the first element of Count Three—that Petitioner committed the offense charged in Count Two—was established by Petitioner's admission of guilt to Count Two, impermissibly amounted to a directed verdict. *Id.* at *6. The Court held that Petitioner's second claim alleging that the jury instructions amounted to a directed verdict was procedurally defaulted and that Carrington failed to show cause, prejudice, or actual innocence. *Id.* at *6-7.

Carrington's current claim is substantially the same as his related, previous claim. The Court will DENY this claim based on the holdings of its previous Memorandum Opinion.

### D. Claim Four and Five

Carrington appears to argue that the Court erred as a matter of law by holding that the advice of Carrington's trial counsel that resulted in Carrington waiving his constitutional right to testify was harmless because Carrington could not show prejudice. Carrington avers that the Court made a *per se* finding—without the benefit of an evidentiary hearing—that he was unbelievable, thus, violating due process.

In Carrington's previous § 2255 claim (enumerated as claim 3), he argued that if he had been aware at the time of trial that the machine gun provision in § 924(c)(1)(B)(ii) was an element to be found by the jury, he would have testified, or represented himself if his counsel had prevented or advised him against testifying. *Id.* at *9. Specifically, Petitioner claimed that his counsel's advice regarding the machine gun provision, though correct at the time, was subsequently faulty under *O'Brien*, and that this erroneous advice affected his ability to make an informed decision as to whether to testify. *Id.*

The Court held that Carrington's claim of ineffective assistance of counsel was unsuccessful because Carrington could not satisfy the performance or prejudice prongs of *Strickland*. *Id.* The Court held that Petitioner's counsel was not deficient for failing to anticipate that *O'Brien* would change the prevailing law on whether the possession of a machine gun was a sentencing factor or an element of the offense. *Id.* The Court also held that Petitioner had not shown that his testimony was reasonably likely to change the outcome because Petitioner had not come across favorably to the jury. *Id.* (*citing* Tr.

9

170:21-25) ("Please, I beg of you, separate the opinions you have of Denard Carrington. You are not going to like this guy. I understand that. Don't think about Denard Carrington. Think about the facts."). Carrington's current claim is substantially the same as his related, previous claim. The Court, thus, will DENY this claim based on the holdings of its previous Memorandum Opinion.

To the extent that Carrington challenges the Court's denial of his request for an evidentiary hearing, the Court will also DENY this claim based on the holdings of its previous Memorandum Opinion.

To the extent that Carrington argued that his right to self-representation was violated, the Court finds that Petitioner did not clearly and unequivocally invoke his right to self-representation at any time on the record. Failure to assert the right to self-representation may result in its waiver. *See United States v. Singleton,* 107 F.3d 1091, 1096 (4th Cir. 1997). Accordingly, to the extent that Carrington now asserts such a claim, the Court will DENY it.

### E. Certificate of Appealability

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,*

463 U.S. 880, 893 & n.4 (1983)). Carrington fails to satisfy this standard. Accordingly, a certificate of appealability will be DENIED.

## IV. Conclusion

For the reasons stated above, the Court will GRANT IN PART the Motion. Claim Two of Petitioner's § 2255 Petition will be DENIED. An appropriate Order shall issue.

Let the Clerk send a copy of this Memorandum Opinion to Carrington and all counsel of record.

_____/s/_____  
James R. Spencer  
Senior U. S. District Judge

ENTERED this ___30th___ day of June 2014.